# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 12-470V
Filed: May 22, 2013
Not for Publication

```
*************************************
KATHLEEN ANN MENNENGA,              *
                                    *
              Petitioner,           *
                                    *        Damages Decision Based on Proffer
v.                                  *
                                    *
SECRETARY OF HEALTH                 *
AND HUMAN SERVICES,                 *
                                    *
              Respondent.           *
                                    *
*************************************
```

Sean F. Greenwood, Houston, TX, for petitioner.
Heather L. Pearlman, Washington, DC, for respondent.


**MILLMAN, Special Master**


## DECISION AWARDING DAMAGES[1]

On May 22, 2013, respondent filed a Proffer on Award of Compensation. Based on the record as a whole, the special master finds that petitioner is entitled to the award as stated in the Proffer. Pursuant to the terms stated in the attached Proffer, the court awards petitioner a lump sum of **$418,793.12**, representing the discounted present value of petitioner's future medical expenses ($22,815.00), lost earnings ($305,353.93), pain and suffering ($89,112.99), and past unreimbursable expenses ($1,511.20). The award shall be in the form of a check payable to

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this decision on the United States Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to delete such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall delete such material from public access.

petitioner in the amount of **$418,793.12.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: May 22, 2013                                     /s/ Laura D. Millman
                                                                    Laura D. Millman
                                                                    Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.

_____
                                                    )
KATHLEEN ANN MENNENGA,                )
                                                    )
                         Petitioner,            )
        v.                                          )        No. 12-470V
                                                    )        Special Master Millman
SECRETARY OF HEALTH               )        ECF
AND HUMAN SERVICES,                  )
                                                    )
                         Respondent.          )
_____)

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

**I.        ITEMS OF COMPENSATION**

        A.        Future Medical Expenses

        Respondent proffers that petitioner, Kathleen Ann Mennenga, should be awarded

$22,815.00 for her future vaccine-injury related needs.  Petitioner agrees.

        B.        Lost Earnings

        The parties agree that based upon the evidence in the record, petitioner is entitled to lost

earnings.  Therefore, respondent proffers that petitioner should be awarded lost earnings as

provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(A).  Respondent proffers that the

appropriate award for petitioner's lost earnings is $305,353.93.  Petitioner agrees.

        C.        Pain and Suffering

        Respondent proffers that petitioner should be awarded $89,112.99 in actual and projected

pain and suffering.  This amount reflects that the award for projected pain and suffering has been

reduced to net present value.  See 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

1

D.     Past Un-reimbursable Expenses

Evidence supplied by petitioner documents petitioner's expenditure of past un-reimbursable expenses related to her vaccine-related injury.  Respondent proffers that petitioner should be awarded past un-reimbursable expenses in the amount of $1,511.20.  Petitioner agrees.

E.     Medicaid Lien

Petitioner represents that there are no Medicaid liens outstanding against her.

## II.     FORM OF THE AWARD

The parties recommend that the compensation provided to petitioner should be made through a lump sum payment of **$418,793.12**, representing the discounted present value of petitioner's future medical expenses ($22,815.00), lost earnings ($305,353.93), pain and suffering ($89,112.99) and past un-reimbursable expenses ($1,511.20) in the form of a check payable to Kathleen Ann Mennenga.  This amount represents all elements of compensation under 42 U.S.C. § 300aa-15(a) to which petitioner would be entitled.

Respectfully submitted,

STUART F. DELERY
ACTING ASSISTANT ATTORNEY GENERAL

RUPA BHATTACHARYYA
DIRECTOR
Torts Branch, Civil Division

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division

LYNN E. RICCIARDELLA
Senior Trial Attorney
Torts Branch, Civil Division

s/ Heather L. Pearlman
HEATHER L. PEARLMAN
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel.:  (202) 353-2699

DATED:  May 22, 2013